[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 172.]

THE STATE OF OHIO, APPELLEE, *v*. ALLEN, APPELLANT.

[Cite as *State v. Allen*, 1996-Ohio-366.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant's claims fail to raise a genuine issue of ineffective assistance of appellate counsel.*

(No. 96-1111—Submitted September 24, 1996—Decided December 18, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 62275.

————————————

{¶ 1} Appellant, David W. Allen, was convicted of aggravated robbery and aggravated murder and sentenced to death. The Court of Appeals for Cuyahoga County affirmed his conviction and sentence. *State v. Allen* (Sept. 9, 1993), Cuyahoga App. No. 62275, unreported. This court affirmed the court of appeals' judgment. *State v. Allen* (1995), 73 Ohio St.3d 626, 653 N.E.2d 675.

{¶ 2} On December 5, 1995, Allen filed in the court of appeals an application for reopening his direct appeal under App.R. 26(B). He alleged that his appellate counsel had rendered ineffective assistance by failing to raise eight issues in the court of appeals.

{¶ 3} The court of appeals, however, found that Allen's appellate counsel had in fact raised five of the eight issues. As to the other three, the court found that Allen "has not demonstrated that error occurred or that he was prejudiced." Accordingly, the court of appeals denied the application. The cause is now before this court upon an appeal as of right.

————————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Michael J. Benza* and *J. Joseph Bodine*, *Jr.,* Assistant Public Defenders, for appellant.

———————————

***Per Curiam.***

{¶ 4} Allen's first proposition of law challenges the court of appeals' finding that appellate counsel had already raised the issues contained in proposed assignments of error I through V. Our examination of the appellate record shows that appellate counsel did raise the issue contained in proposed assignment of error II. But as to the issues contained in proposed assignments of error I, III, IV, and V, we agree with Allen that his counsel did not raise these issues on appeal.

{¶ 5} It does not follow, however, that the judgment must be reversed. It has long been established "that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663. See, also, *e.g.*, *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614-615, 614 N.E.2d 742, 745; *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 179, 631 N.E.2d 119, 122; *Wright v. Ghee* (1996), 74 Ohio St.3d 465, 467, 659 N.E.2d 1261, 1263.

{¶ 6} The judgment in this case was correct. An applicant under App. R. 26(B) must show that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). Allen made no such showing here. His allegedly ineffective appellate counsel raised twenty-two assignments of error on appeal. "Counsel could have reasonably decided they could not add [eight] more issues without 'burying good arguments * * * in a verbal mound made up of strong and weak contentions.'" *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339, 353, quoting *Jones v. Barnes* (1983), 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987, 994.

**{¶ 7}** Nor are Allen's new assignments of error especially compelling; indeed, all eight are factually, legally, and logically weak. A competent attorney could easily discount the chance of success of these issues and elect to spend time on other issues instead. Appellate counsel's refusal to raise these weak arguments simply does not create a genuine issue of ineffective assistance. Allen's first proposition of law is therefore overruled.

**{¶ 8}** In Allen's second proposition of law, he contends that the court of appeals prematurely decided the merits of proposed assignments of error VI through VIII. On the initial application for reopening, the court of appeals is to determine the existence of "a genuine issue[1] as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). If the applicant raises a genuine issue on that point, the application is granted, *id*., and the applicant wins the right to brief both the ineffective-assistance issue and the merits of the appeal. See App. R. 26(B)(7) and (B)(9), and July 1, 1993 Staff Note to App. R. 26.

**{¶ 9}** Allen claims that the court of appeals skipped a step: instead of confining itself to deciding whether Allen's application raised a *genuine issue* of ineffective assistance, the court simply decided the merits of his claims. Allen contends that the court of appeals could not make that determination on the basis of the application alone; that his proposed assignments of error had arguable merit; and that therefore the court of appeals should have given him a chance to fully brief his claims.

**{¶ 10}** It is admittedly unclear whether the court of appeals applied the "genuine issue" standard. However, as already stated, we find that Allen's claims

---

1. We perceive no merit in Allen's proposed distinction between "a genuine issue," which is the term used in App. R. 26 (B), and "a colorable claim of ineffective assistance," the formulation used in the 1993 Staff Note to App. R. 26. Of course, if there were any distinction, the language of the rule would control over the Staff Note, Allen's argument to the contrary notwithstanding.

fail to raise a genuine issue of ineffective assistance.  Thus, the judgment was correct even if the reasoning was not.  We overrule Allen's second proposition of law.  The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————