JOURNAL ENTRY and OPINION
On September 28, 2000, the applicant, Dontravio Singleton, pursuant to App.R. 26(B) applied to reopen this court's judgment in State of Ohio v.Dontravio Singleton (July 10, 2000), Cuyahoga App. No. 76357, unreported, in which this court affirmed Mr. Singleton's convictions and sentences for murder and aggravated robbery. On October 30, 2000, the State of Ohio filed its brief in opposition to the application, and on November 13, 2000, Mr. Singleton filed his reply brief. For the following reasons, this court denies the application.
 FACTUAL AND PROCEDURAL BACKGROUND
On the night of November 6, 1998, Mr. Singleton and Darren Ray, a fifteen year old boy, beat and kicked to death Joseph Ryals and stole his wallet. Several people saw the incident and quickly identified Darren Ray. Mr. Ray quickly confessed and implicated Mr. Singleton. Mr. Ray agreed to plead guilty in juvenile court and to testify against Mr. Singleton.
The Grand Jury indicted Mr. Singleton in December 1998 on one count of murder and one count of aggravated robbery. At the trial Darren Ray and the eyewitnesses testified to the brutal beating and robbery. Dr. Joseph Felo, a deputy coroner, testified as to the result of the autopsy. Additionally, Annie Ray, Darren's mother, testified that on the night of the incident Darren had told her he was going out with Mr. Singleton to see a movie. She also testified that shortly after her son had been arrested, Mr. Singleton called to concoct an alibi. Mr. Singleton's sometime girlfriend also testified that he had admitted involvement in the killing. Mr. Singleton presented no witnesses on his behalf.
The jury found him guilty as charged. The trial court sentenced him to consecutive term of three years for aggravated robbery and fifteen years to life for murder.
Mr. Singleton timely appealed. His appellate counsel argued (1) that the trial court erred in admitting the testimony of Annie Ray, because she was a surprise witness, (2) that the trial court erred in denying defense counsel's Criminal Rule 29 motion to reduce the murder charge to involuntary manslaughter, (3) that the verdicts were against the manifest weight of the evidence and (4) the trial court erred in its instructions on aiding and abetting. This court overruled these assignments of error and affirmed. Mr. Singleton then timely filed this application to reopen.
 DISCUSSION OF LAW
Mr. Singleton now claims that his appellate counsel was ineffective for not making the following arguments. (1) The guilty verdicts were not sustained by sufficient evidence. Mr. Singleton asserts that the state did not prove intent, nor was their any physical evidence to place him at the scene of the crime. Rather, Darren and his mother conspired to blame Mr. Singleton for the murder to gain a lesser penalty for Darren, the actual murderer. Additionally, he criticizes his appellate attorney for framing this issue in terms of the trial court's failure to grant a directed verdict motion to reduce the murder Charge to involuntary manslaughter. (2) The trial court prejudicially erred by allowing Dr. Felo to testify as to the cause of death when the county coroner, Dr. Elizabeth Balraj, performed the autopsy. Mr. Singleton draws this conclusion because the autopsy protocol list Dr. Balraj as coroner and the first page of the Report of Autopsy is signed by Dr. Balraj.
In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
In the present case Mr. Singleton's arguments on ineffective assistance of appellate counsel are not well taken. In its opinion this court fully and fairly examined the issue of whether the state produced sufficient evidence that Mr. Singleton purposefully caused the death of Mr. Ryals. The framing in terms of murder and involuntary manslaughter did not affect this court's analysis. This court concluded that the jury could have properly inferred the intent to kill Mr. Ryals by the duration and intensity of the bludgeoning of the victim long after he lost consciousness. The evidence also supported Mr. Singleton's presence and participation in the attack. Mr. Singleton's arguments on this point fail to show prejudice and are meritless.
Moreover, appellate counsel properly rejected the argument relating to who performed the autopsy as one elevating form over substance. Mr. Singleton admits in his application that Dr. Felo testified that he performed the autopsy. The autopsy protocol, which Mr. Singleton attached to his application, has Dr. Felo's initials, J.A.F., at the end of the report to evidence that he performed the autopsy. Dr. Balraj's name appears on the report because of her position. This argument, too, is meritless.
Accordingly, this court denies the application to reopen.
LEO M. SPELLACY, P.J., and JAMES D. SWEENEY, J., CONCUR.
 Journal Entry
APPELLANT'S, PRO SE APPLICATION, AND OR MOTION FOR REOPENING APP. R. 26(B) MEMORANDUM IN SUPPORT, EXHIBITS, AND AFFIDAVIT APPENDED HERETO IS DENIED. SEE JOURNAL ENTRY AND OPINION OF SAME DATE.
Presiding Judge LEO M. SPELLACY, Concurs, Judge JAMES D. SWEENEY, Concurs.