JOURNAL ENTRY and OPINION
On March 20, 2001, John McKinney applied to reopen this court's judgment in State of Ohio v. John McKinney (Sept. 29, 1994), Cuyahoga App. No. 66319, unreported, which affirmed Mr. McKinney's convictions for rape and gross sexual imposition.[1] On May 24, 2001, Mr. McKinney moved to submit supplemental affidavits, and on May 25, 2001, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
On April 14, 1990, the victim, a then nineteen year old woman, went to a party. When she tired, she returned to her van. While resting there, two men entered the van. One raped her. and the other forced her to touch his penis with her hand. After approximately ten minutes, the men left and the victim drove home, went to the hospital and contacted the police. During the ensuing investigation, the victim identified John McKinney as the man who forced her to hold his penis.
On appeal, his appellate counsel argued the following: The trial court erred in instructing the jury on kidnapping, harm and rape. In this case kidnapping was a crime of similar import. Trial counsel was ineffective for not objecting to the jury instructions and arguing the similar import issue. The trial court erred in not granting the motion for acquittal on gross sexual imposition.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The March 20, 2001 application was filed approximately six years and six months after this court's decision. Thus, it is untimely on its face and Mr. McKinney failed to show good cause for filing late. The excuse that he could not obtain the necessary affidavits to support the application because his family did not believe his innocence until they had read the transcript so they could help him obtain the affidavits, is not sufficient to show good cause. The application is properly dismissed on that reason alone.
Mr. McKinney's application claiming that his appellate counsel should have argued that his trial counsel was ineffective is not persuasive. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
In the present case, Mr. McKinney's argument on ineffective assistance of appellate counsel is not well taken. First, he claims that his trial counsel was deficient for not moving for a continuance so that a defense witness, Michelle Brown, Mr. McKinney's fiancé who was at the party that night, could come from West Virginia and testify on his behalf. However, he fails to show prejudice. After the trial, Mr. McKinney moved for a new trial to allow Ms. Brown to testify. The trial court denied the motion and ruled that her testimony would have only been cumulative and would not have created a strong probability of changing the result of the trial.
Next, Mr McKinney asserts that his trial counsel was ineffective for not pursuing certain issues during trial. First, he claims that he suffers from Peyronie's disease which causes the penis to bend. He argues that if trial counsel had asked the necessary questions of the victim and himself, the evidence would have exonerated him. He also argues that trial counsel did not ask the necessary questions to establish that a man named Ted was the actual perpetrator. Mr. McKinney claims that this Ted also had a tooth missing from the front of his mouth. The missing tooth was a very important characteristic by which the victim identified Mr. McKinney as one of the perpetrators. Mr. McKinney claims that his trial counsel did not investigate and interview enough witnesses to obtain the necessary testimony.
However, appellate review is strictly limited to the record. TheWarder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77,50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and RepublicSteel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. Mr. McKinney does not indicate where in the record the factual support for those arguments exists. Neither the victim nor Mr. McKinney commented on any peculiarities of the penis, and one can only speculate what other witnesses would have said. Appellate counsel properly rejected these arguments in the exercise of sound professional judgment. Without some basis in the record to indicate what the testimony would have been, appellate counsel could have only offered speculation which he could properly conclude would be rejected by an appellate court. Appellate counsel could not on appeal offer new evidence; he is bound by the record.
Alternatively, appellate counsel in the exercise of reasonable professional judgment could have properly decided that arguing the strategic and tactical choices of trial counsel concerning witnesses was too weak. The record indicates that trial counsel did seek out witnesses from the party, but he was greatly hindered because last names were generally not known and the people at the party seemed reluctant to become involved with the judicial system. Moreover, he would have been hard-pressed to overcome the deference accorded strategic and tactical choices. In summary, Mr. McKinney failed to show that there is a genuine issue as to his appellate counsel's effectiveness.
Accordingly, this court denies the application.
MICHAEL J. CORRIGAN, JUDGE.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] The jury also convicted Mr. McKinney of kidnapping, but on appeal this court ruled that in this case kidnapping constituted an allied offense of similar import, and vacated the conviction for kidnapping and remanded the case for resentencing.