JOURNAL ENTRY AND OPINION
On April 19, 2001, the applicant, Nathan Hawkins, applied on the grounds of ineffective assistance of appellate counsel pursuant to App.R. 26(B) to reopen this court's judgment in State of Ohio v. NathanHawkins (Apr. 14, 1975), Cuyahoga App. No. 33781, unreported, which affirmed his conviction for aggravated robbery. The State of Ohio never filed a response, but Mr. Hawkins filed supplemental exhibits on June 1, 2001. For the following reasons, this court denies the application.
App.R. 26(B)(1) and (2)(b) require these applications to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The April 2001 application was filed approximately twenty-six years after this court's decision and is untimely on its face. To show good cause Mr. Hawkins argues that his appellate counsel did not make the record available to him despite repeated requests.
However, this does not establish good cause for untimely tiling an application to reopen. This court has repeatedly held That difficulty in obtaining the transcript does not constitute good cause. In State v.Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Op. at 3.) See, also, State v.Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647; City of Newburgh Heights v.Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 17839; State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed (Oct. 25, 2000), Motion No. 18768; State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62796, unreported, reopening disallowed (Aug. 16, 2001), Motion No. 23717; State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, unreported, reopening disallowed, (Aug. 13, 2001) Motion No. 24366 — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause. Moreover, Mr. Hawkins' argument is particularly unpersuasive because during the past quarter of a century he was out of prison on parole approximately eight times and could have reviewed the record at the courthouse.
To the extent that Mr. Hawkins argues that the failure of counsel to cooperate, rather than failure to have the transcripts, establishes good cause, the argument fails. This court has repeatedly held that misplaced reliance on counsel does not show good cause for untimely filing an application to reopen. State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054; State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997), Motion No. 75838; Statev. Blake (Feb. 22, 1996), Cuyahoga App. No. 68348, unreported, reopening disallowed (Sept. 2, 1997), Motion No. 85942; State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, unreported, reopening disallowed (Jun. 16, 1997), Motion No. 82351. Cf. State v. Wilson (1997), 80 Ohio St.3d 132,684 N.E.2d 1221. Untimely filing alone is sufficient reason to deny an application to reopen.
Nevertheless, a review of the rest of Mr. Hawkins' application fails to show that he establishes a genuine issue that he received ineffective assistance of appellate counsel under App.R. 26(B). Mr. Hawkins first argues that his appellate counsel did not confer with him during the appeal. This does not show ineffective assistance of appellate counsel under the rule. App.R. 26(3)(2)(c) requires the applicant to set forth one or more assignments of error which were not argued, were not argued properly or argued on an incomplete record. The failure to confer does not come within the requisites of this rule. Furthermore, this court has held that the failure to confer during the appellate process does not establish ineffective assistance of appellate counsel. State v. Trembly
(Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 30, 2000), Motion No. 16908 — "applicant does not demonstrate how contact with counsel would have resulted in reversal of conviction." (Slip op. At 8.) and State v. Inglesias-Rodriquez (Mar. 16, 2000), Cuyahoga App. No. 76028, unreported, reopening disallowed (Oct. 12, 2000), Motion No. 17738.
Mr. Hawkins next argues that the transcript was altered by deleting improper evidence of a dismissed municipal court charge of discharging a firearm; had this material not been deleted, appellate counsel's argument, that allowing testimony concerning prior arrests, dropped charges and convictions of municipal ordinances was improper, would have been successful. This argument is not persuasive. Mr. Hawkins has not convinced the court that the transcript has been altered. First, the passage of so many years casts doubt on the applicant's recollection compared to the transcript prepared shortly after trial. A review of the transcript does not reveal the inconsistencies which Mr. Hawkins claims to show that material was deleted. Mr. Hawkins submitted affidavits from himself, his mother and his chief alibi witness to prove the alterations. These three affidavits are identical, requiring the affiant to "check off" which deletions he or she remembers from the trial. All the affiants "checked off" all the material. The very form of the affidavits do not lend confidence to Mr. Hawkins' claims. Moreover, the affidavit of the alibi witness is inconsistent with her testimony. As reasonable and consistent with separation of witnesses, she admits in her testimony that she waited in the hall until it was her turn to testify, but in her affidavit she swears that she was present "during the entire
Trial court proceeding." (Emphasis in the original.) throughout his submissions Mr. Hawkins claims so many alterations chat his claims are incredible.
Moreover, Mr. Hawkins failed to show prejudice regarding the deletions on a dismissed charge for discharging a firearm. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258. To establish prejudice the petitioner must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies. Thus, a petitioner must establish prejudice in order to show a genuine issue of ineffective assistance of appellate counsel.
Appellate counsel's main argument was that the trial court improperly allowed evidence concerning prior arrests, dropped charges and violations of municipal ordinances. During Mr. Hawkins' direct and cross-examinations several such incidents were mentioned. This court held that any error in allowing the testimony was harmless. There is no reason to believe that another such incident, if it happened, would have changed the court's conclusion.
Mr. Hawkins' last argument is that his appellate counsel improperly argued ineffective assistance of trial counsel. Mr. Hawkins asserts that his trial counsel was ineffective when he failed to object to the admission of a shotgun into evidence when the testimony was that Mr. Hawkins robbed the victim by putting a small pistol into his face; the shotgun's inflammatory prejudice outweighed any probative value. Mr. Hawkins also complains that his trial counsel was ineffective in cross-examining the victim, because during cross-examination the victim gave improper, inflammatory hearsay evidence that Mr. Hawkins would be shooting off guns. However, these arguments fail to show ineffective assistance of counsel at either the trial or appellate level.
In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
In the present case, the admission of the shotgun could be considered sound trial strategy and appellate counsel could properly conclude in the exercise of professional judgment to reject it as an assignment of error. The evidence showed that after the main robber (Mr. Hawkins) put the pistol into the victim's face, other men surrounded the victim, and one of those men had a shotgun. The main robber got the coat, and the other men got some change. During the robbery a police car drove by, and the robbers fled. The police found the shotgun nearby. Even the defense's own eyewitness to the robbery (Jimmy Johnson) confirmed that a shotgun was present during the robbery. Mr. Hawkins presented an alibi defense that at the time of the robbery he was in a lounge and later bought the subject coat. Trial counsel could properly conclude that trying to exclude the shotgun, which was really part of the crime, was not worth effort, because the decisive battle was whether the jury would believe the alibi. Similarly, appellate counsel could see the trial counsel's strategy and tactics and conclude than arguing ineffective assistance of trial counsel on this point would lose because of the deference that must be given to trial counsel's choices.
Similarly, appellate counsel in the exercise of professional judgment could also conclude that the cross-examination point would be rejected as harmless error. The exchange was at most only six lines out of almost 250 pages of transcript. It is not certain that the Nate referred to is Nathan Hawkins, and trial counsel quickly shifted the focus of questioning. Moreover, the subject declarant later testified as a defense witness, and the prosecutor did not confirm the statement on cross-examination. Finally, this court held that the assignment of error that trial counsel was ineffective was without merit.
Accordingly, this court denies the application to reopen.
JAMES D. SWEENEY, P.J. and TERRENCE O'DONNELL, J., CONCUR.