JOURNAL ENTRY AND OPINION
{¶ 1} On June 19, 2002, the applicant, Lorenzo Shepherd, applied to reopen this court's judgment in State of Ohio v. Lorenzo Shepherd, Cuyahoga App. No. 80104, 2002-Ohio-1264, in which this court affirmed his convictions for possession of cocaine, preparation of drugs for sale and possession of criminal tools. Shepherd argues that his appellate counsel was ineffective and that the trial court abused its discretion in denying a motion to suppress because it applied the wrong standard. For the following reasons, this court denies the application to reopen.
 {¶ 2} This case revolves around the issue of whether Shepherd consented to a search of his car. The arresting police officer testified during the suppression hearing that he stopped Shepherd because he was speeding on a snow-covered road. While checking the validity of his driver's license, the officer discovered that he was on parole for drug and theft violations. The officer asked whether he knew anything about a breaking and entering crime which had just occurred.[1] The officer asked him to exit his car and conducted a pat-down search before asking whether he could search the car. The officer testified that Shepherd gave his consent. While conducting the search, the officer discovered the cocaine. Shepherd, however, in his testimony during the suppression hearing contradicted much of the officer's testimony; he specifically denied that he consented to the search.
 {¶ 3} Shepherd now complains that his trial counsel was deficient because he did not obtain the police reports concerning the breaking and entering and that his appellate counsel was deficient for not arguing this issue. Shepherd notes that his trial counsel did not obtain the police reports concerning the breaking and entering; Shepherd, however, obtained them and attached them to his application to reopen. He argues that the reports would have discredited the arresting officer because they stated that two suspects committed the breaking and entering and fled in a car. Shepherd was traveling alone and, thus, the arresting officer should have excluded him as a suspect and never done anything more than issue a traffic citation.
 {¶ 4} However, appellate review is strictly limited to the record. The Warder, Bushnell Glessner Co. v. Jacobs (1898),58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. The fact that the police reports were not part of the record precluded Shepherd's appellate attorney from using them in an argument.
 {¶ 5} Additionally, without the necessary documents or proffers in the record, appellate counsel properly concludes that arguing the ineffective assistance of trial counsel for failure to investigate is a doomed argument. Establishing the ineffectiveness of trial counsel requires a showing of prejudice, that the outcome of the trial or hearing would probably have been different had counsel done something else.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Arguing what a police report might have shown or to what a witness might have testified requires the court to indulge in baseless speculation, which will not establish prejudice. Therefore, appellate counsel was not ineffective for failing to raise this argument.
 {¶ 6} Shepherd's second argument is that his appellate counsel should have argued that the trial court abused its discretion because it failed to apply the proper rule of law, that the determination of whether an officer had a reasonable suspicion at the time of the detention must be based upon the totality of the circumstances. Thus, Shepherd submits that the focus of the suppression hearing and of the appeal should not have been on the voluntariness of the consent, but whether the arresting officer had a reasonable suspicion to ask for consent to the search. He also argues that the trial court did not properly apply the totality of the circumstances test in determining the voluntariness of the consent.
 {¶ 7} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland and Bradley, supra.
 {¶ 8} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 9} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 10} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 11} In the present case, Shepherd's argument on ineffective assistance of appellate counsel is not well taken. First, appellate counsel in the exercise of professional judgment could have concluded that the officer did have a reasonable suspicion to inquire about the breaking and entering. The officer found Shepherd on a snow-covered road at 2:00 a.m. speeding away from the general direction of a recent breaking and entering in which merchandise was stolen, and Shepherd was on parole and had a history of committing drug and theft offenses. Moreover, the gravamen of this case was the voluntariness of the consent, and appellate counsel in the exercise of reasonable professional judgment properly focused on that issue.
 {¶ 12} Shepherd also argues that his appellate counsel did not properly argue the consent issue; he should have argued that the trial judge again did not apply the totality of the circumstances standard. However, Shepherd cannot establish prejudice because this court in its opinion explicitly recognized the totality of the circumstances standard as the proper test to determine the voluntariness of consent and then affirmed the trial court. Thus, this court applied the proper standard and concluded that the consent was voluntary.
Accordingly, this court denies the application to reopen.
PATRICIA ANN BLACKMON, P.J. and DIANE KARPINSKI, J. CONCUR
[1] Shortly before stopping Shepherd, the officer received a radio report of a breaking and entering at a business east of his location with the suspected vehicle traveling westbound. When the officer saw Shepherd's car, it was speeding westbound.