JOURNAL ENTRY AND OPINION
{¶ 1} Theodore Jackson, applied to reopen this court's judgment in State of Ohio v. Theodore Jackson[1] which affirmed his convictions for kidnapping, aggravated robbery, and two counts of felonious assault, all with repeat violent offender and notice of prior conviction specifications.[2] Mr. Jackson also moved to supplement the record with the indictment and part of the record from a previous conviction, State of Ohio v. Theodore Jackson, Cuyahoga County Common Pleas Court Case No. Cr. 162099. The State of Ohio opposed both the application and the motion to supplement. We deny the motion to supplement the record and the application to reopen.
 {¶ 2} The gravamen of Jackson's current arguments is that the repeat violent offender specifications included in the indictments were improper, ill-founded, and illegal. He maintains that an examination of Case No. Cr. 162099, the basis for the repeat violent offender specifications, would show that the victim of that robbery did not actually suffer physical harm. Because this requirement of the repeat violent offender specification was not fulfilled,[3] he contends that the specifications were unfounded and included in the indictments to coerce him into pleading guilty. From this initial point he then lists his appellate lawyer's deficiencies: (1) His lawyer failed to investigate the impropriety of the repeat violent offender specifications by failing to examine Case No. Cr. 162099. (2) He failed to argue that Jackson was unlawfully indicted as a repeat violent offender, especially after he alerted his appellate lawyer to this issue. (3) He should have argued that Jackson's trial lawyer was ineffective for failing to investigate and argue this issue. (4) He should have argued that Jackson's jury trial waiver was void because the fear of an additional ten years in prison arising from the specifications coerced him into waiving his right to a jury trial.[4]
 {¶ 3} The last explicitly listed assignment of error that his appellate lawyer should have argued is that Jackson did not have an assigned lawyer at his arraignment. Additionally, Jackson implicitly argues that his appellate lawyer was deficient for not sending him a copy of the appellee's brief, for not supplementing the record with the necessary filings from Case No. Cr. 162099, for not arguing prosecutorial misconduct in seeking unfounded specifications, for not arguing that the trial judge erred in not informing Jackson of the unfounded specifications, and for making poor arguments to this court because this court found them unpersuasive.
 {¶ 4} Jackson's new arguments are also unpersuasive. In order to establish a claim of ineffective assistance of appellate counsel, he must demonstrate that the lawyer's performance was deficient and that the deficient performance prejudiced the defense.[5]
 {¶ 5} In Strickland the United States Supreme Court ruled that judicial scrutiny of a lawyer's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"[6]
 {¶ 6} Specifically, on claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."[7] Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on an appellate lawyer the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen.[8] Additionally, appellate review is strictly limited to the record.[9]
 {¶ 7} Moreover, even if one establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the error must have caused prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether a lawyer's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 8} Jackson's appellate lawyer was not deficient for not raising any of the issues concerning the repeat violent offender specifications. The issue of the propriety of those specifications was not presented to the trial judge, and the documents necessary even to make the arguments were not part of the record. Thus, upon examination of the record, his appellate lawyer properly rejected the argument because the record could not support it. Furthermore, his appellate lawyer in the exercise of reasonable professional judgment could properly conclude that an appellate court would be disinclined to supplement the record for an argument which was not presented to the trial judge. At the very least, this court, following the admonitions of the Supreme Court, will not second guess that decision by an appellate lawyer.
 {¶ 9} Jackson's last claim that he was without an assigned lawyer at the arraignment is barred by res judicata. He raised this identical issue in a post-conviction relief petition. When the trial judge denied the petition, he appealed that decision to this court in State of Ohio v. Theodore Jackson.[10] In affirming. this court noted: "Contrary to appellant's assertions, however, counsel was present at his arraignment. The record reflects that an assistant attorney from the Public Defender's Office, Jack Green, was present at the appellant's arraignment and that this attorney not only conferred with appellant but interacted with the trial judge."[11] Moreover, Jackson fails to show any prejudice. He claims that the failure to have a lawyer at the arraignment prevented him from pleading not guilty by reason of insanity. But the arraignment judge journalized that Jackson pleaded not guilty by reason of insanity, and the trial judge granted him a psychiatric examination.
 {¶ 10} App.R. 26(B)(2)(c) requires that ineffective assistance of appellate counsel be argued by stating one or more assignments of error or arguments that should have been made for an assignment of error. Thus, the "claim" of failing to send a copy of a brief falls outside the scope of an application to reopen.
 {¶ 11} This court denies the application to reopen.
JAMES D. SWEENEY, CONCURS
 MICHAEL J. CORRIGAN, CONCURS
[1] Cuyahoga App. No. 80299, 2002-Ohio-2711.
[2] Pursuant to a plea bargain, Mr. Jackson pleaded guilty to each count as charged and received concurrent sentences of four years on each charge.
[3] See R.C. 2929.01(EE).
[4] The docket does not show that Mr. Jackson waived his right to a jury trial. It shows that he pleaded guilty to the charges. Thus, the court infers that Mr. Jackson is referring to the waiver of jury that accompanies a guilty plea.
[5] Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
[6] Strickland, 104 S.Ct. at 2065.
[7] Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308, 3313.
[8] 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
[9] The Warder, Bushnell Glessner Co. v. Jacobs (1898),58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. V. Sontag (1935), 21 Ohio Law Abs. 358.
[10] Cuyahoga App. No. 80398, 2002-Ohio-4576.
[11] 2002-Ohio-4576 at paragraph 9.