JOURNAL ENTRY and OPINION.
{¶ 1} On February 10, 2003, the applicant, Alfred Worwell, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, applied to reopen this court's judgment in State v.Worwell, Cuyahoga App. No. 80871, 2002-Ohio-6637, in which this court affirmed Mr. Worwell's convictions for rape and kidnapping. He alleges ineffectiveness of appellate counsel. On March 3, 2003, the State of Ohio filed its brief in opposition. On May 16, 2003, Mr. Worwell moved to amend his application by adding an argument that his trial counsel was ineffective for not trying to suppress certain evidence; the court grants the motion to amend. For the following reasons, this court denies the application to reopen.
 {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 6} Mr. Worwell's first argument is that his appellate counsel improperly argued the admissibility of the examining doctor's opinion, that despite the many rape victims he has seen, he explicitly remembered this victim because she was hysterical. "Well, you know, the story because of the clinical setting and because of the way she was so hysterical had a credible, you know, history to it." (Tr. Pg. 304.) Mr. Worwell maintains that his appellate counsel erred by arguing that this testimony was irrelevant and prejudicial. Instead, appellate counsel should have relied upon those cases which have held that an expert may not opine on the credibility of another witness, e.g., State v. Willard
(2001), 144 Ohio App.3d 767, 761 N.E.2d 688; State v. Eastham (1998),39 Ohio St.3d 307, 530 N.E.2d 409; United States of America v. Benson
(C.A. 7, 1991), 941 F.3d 598; and United States of America v. Beasley
(C.A. 11, 1996), 72 F.3d 1518.
 {¶ 7} However, Mr. Worwell's argument is unpersuasive because his appellate counsel forcefully made that argument: "The doctor's non medical testimony acted to heighten sympathy that the jury might have for the victim and acted to vouch for her credibility. The doctor essentially stated that she must be telling the truth because he ordinarily is not so moved emotionally. In a case in which the verdict is necessarily base[d] upon the jury's assessment of witness credibility, such testimony cannot be tolerated." (Appellant's brief at pg. 11.) Furthermore, this court in its opinion explicitly recognized that appellant was arguing that the doctor's testimony should not have been permitted because it "vouched for the victim's credibility." State v. Worwell, Cuyahoga App. No. 80871, 2002-Ohio-6637, at ¶ 12.
 {¶ 8} This court then examined the admissibility of the testimony under the standard enunciated by the Supreme Court of Ohio in State v.Maurer (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768, that a judgment may be reversed on an evidentiary ruling only if the trial court abused its broad discretion in admitting it and the evidence materially prejudiced the defendant. This court ruled that on this particular record the doctor's testimony was not unfairly prejudicial.
 {¶ 9} Because the court would have had to make the same analysis on prejudice and because the court understood appellate counsel's argument on vouching for credibility, this court cannot now conclude that it would have made a difference if appellate counsel had relied upon the cases Mr. Worwell now cites. In other words appellate counsel really did make the argument, and this court rejected it. Adding authorities or refining the focus of the argument would not have made a difference. Moreover, following the admonition of Barnes, this court will not second-guess appellate counsel's strategy and tactics in framing the argument around relevance and prejudice, as compared to vouching for credibility.
 {¶ 10} Mr. Worwell's next point is that his appellate counsel should have argued the ineffectiveness of trial counsel for not trying to suppress the crack cocaine pipes found in Mr. Worwell's residence. The victim testified that the pipes were hers and that she had used them to smoke crack cocaine at Mr. Worwell's residence. Later, when Mr. Worwell and his friend became threatening and violent, she ran naked from the residence. When the police arrived to investigate, Mr. Worwell consented to entry, and neither he nor his friend objected to the police looking around or retrieving the victim's clothes, which apparently were just lying on the floor in the room adjacent to the front door. Subsequently, when the police inventoried the clothes, they found the crack cocaine pipes. It is understandable how and why the issues of consent, standing, plain sight, inventory searches and prejudice would discourage trial counsel from moving to suppress the pipes. Accordingly, appellate counsel was not deficient for failing to raise this argument.
 {¶ 11} Appellate counsel argued that the rape and kidnapping charges were allied offenses. The state conceded the argument, but this court concluded that there was no prejudice because the trial court imposed concurrent sentences. Mr. Worwell complains that this was a frivolous argument which his appellate counsel should have winnowed out to bolster any other arguments he made or should have made. This argument is also unpersuasive. App.R. 26(B)(2)(c) requires that the applicant assert arguments that were not made or considered on an incomplete record. The scope of App.R. 26(B) does not extend to arguments which should not have been made. Moreover, it is hard to conclude that appellant's counsel was deficient for raising an argument which the state conceded, even if the court found that there was no prejudice.
 {¶ 12} Mr. Worwell also argues that under White v. Schotten (C.A. 6, 2000), 201 F.3d 743, he has the right to an attorney. In Schotten the Sixth Circuit reasoned that App.R. 26(B) is part of the direct appeal process. Thus, the appellant-applicant has the right to counsel. However, Mr. Worwell's reliance on Schotten is misplaced. An application to reopen pursuant to App.R. 26(B) is in nature a postconviction petition. The Supreme Court of Ohio recognized this in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992),63 Ohio St.3d 60, and App.R. 26(B)." Thus, an applicant has no right to counsel in filing the application.
 {¶ 13} Accordingly, this court denies the application to reopen.
KENNETH A. ROCCO, A.J., and FRANK D. CELEBREZZE, JR., J., concur.