JOURNAL ENTRY AND OPINION
{¶ 1} On June 22, 2004, the applicant, Marvin Dearing, pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v. Marvin Dearing (Sept. 5, 2001), Cuyahoga App. No. 78710, in which this court affirmed his convictions and sentences for murder with a firearm specification and having a weapon under disability. Mr. Dearing submits that his appellate counsel was ineffective for failing to raise the following issues: (1) "Where, subsequent to a conviction in a bench trial for murder, the trial court determines appellant incompetent to stand trial for other matters before the court, a criminal defendant has received ineffective assistance of counsel if it is shown that his defense attorneys failed to raise the issue of competence prior to the defendant's waiver of his right to a jury trial." (2) "R.C. 2945.37 requires a court to be vigilant of a criminal defendant's competence at all times during the pendency of criminal matters and, when a criminal defendant is found to be incompetent subsequent to a bench trial, the court must conduct a hearing to determine whether the criminal defendant's previous relinquishment of a right to a jury trial was knowingly, voluntarily and intelligently made." For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The June 2004 application was filed nearly three years after this court's decision. Thus, it is untimely on its face. However, Mr. Dearing offers no cause for the untimely filing other than the need to exhaust state remedies. His attorneys commenced a habeas corpus action in the United States District Court for the Northern District of Ohio (Case No. 1:03CV60) and included a claim for ineffective assistance of appellate counsel. The district court judge dismissed that claim without prejudice so that Mr. Dearing could exhaust his state remedies. This is merely an explanation of why the application is being filed now, rather than a show of good cause for untimely filing. Accordingly, this application is properly dismissed as untimely.
 {¶ 3} Moreover, Mr. Dearing's appellate counsel was not ineffective for failing to raise the competency issue in the manner now suggested. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 4} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 5} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 6} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 7} Mr. Dearing's appellate counsel did raise the competency issue as it related to the right of trial by jury through the lense of ineffective assistance of trial counsel. The fourth assignment of error was: "Mr. Dearing was denied his rights to effective assistance of counsel guaranteed by ArticleI, Section 10 of the Ohio Constitution and the Sixth andFourteenth Amendments to the United States Constitution when his counsel permitted [him] to sign a jury waiver without a determination of competency to stand trial; by the failure of counsel to file any motions to suppress, thereby denying appellant the right to present an effective defense and confront the witnesses as to bias, prejudice and credibility." Following the admonitions of Barnes and Allen, this court will not second-guess the strategic and tactical decisions of appellate counsel in forming an argument. It is apparent that by grouping the competency issue with other "faults" of trial counsel, appellate counsel was endeavoring to make a more persuasive ineffective assistance of trial counsel argument by showing multiple errors on the part of trial counsel.
 {¶ 8} Furthermore, there was no prejudice. The issue of competency was raised for the first time in late July 2000, between trial and sentencing. At that time the judge ordered a psychological examination. The psychiatrist, Dr. Parker, diagnosed Mr. Dearing with paranoid schizophrenia, but opined that it was in remission. His final summary was: "It is my opinion, with reasonable medical certainty, that the defendant, Marvin Dearing, is currently capable of understanding the legal proceedings against him and is currently capable of assisting counsel in his defense." (Last paragraph of Dr. Parker's report, attached as Exhibit G to the application.)
 {¶ 9} This court fully examined the issue of whether the failure to hold a competency hearing prior to executing the jury trial waiver was error. It noted that the standard is whether the defendant has sufficient present ability to consult with his counsel with a reasonable degree of understanding and that the right to a competency hearing arises when the record contains sufficient indicia of incompetence such that an inquiry is necessary to ensure the defendant's right to a fair trial. This court then reviewed the record to determine whether there were sufficient indicia of incompetence. The trial judge accepted the jury waiver and found that Mr. Dearing had knowingly, intelligently and voluntarily waived that right. Only after the trial did some bellicose remarks from Mr. Dearing cause the judge to order the competency evaluation. At the subsequent discussion of the report and Mr. Dearing competency, the trial judge stated that the issue was not raised before trial and that during the course of trial there were no apparent signs that Mr. Dearing either didn't understand or was unable to participate in the proceedings. The judge further stated that if he had seen such signs, he would have raised the issue himself. Additionally, after the trial Mr. Dearing expressed dissatisfaction with his defense, because he expected more witnesses on his behalf, and he filed a pro se motion for new trial in early August, 2000. Therefore, this court concluded: "our review of the record does not reflect that Dearing did not possess sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, or that he lacked a rational or factual understanding of the proceedings against him, either prior to or during trial." (Slip op. at pg. 19.)
 {¶ 10} Thus, this court ruled that because there were no signs of incompetency before or during trial, there was no error in failing to hold a competency hearing before waiving the right to a jury trial. There was no prejudice. The court would have rejected the assignment of error regardless of how appellate counsel would have framed it.
 {¶ 11} Accordingly, the application to reopen is denied.
Cooney, P.J., concurs.
 Karpinski, J., concurs.