[Cite as *State v. Cunningham*, 2011-Ohio-2028.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 93167**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY CUNNINGHAM

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521147
Application for Reopening
Motion No. 437569

**BEFORE:** Jones, J., Blackmon, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 27, 2011

ATTORNEY FOR APPELLANT

Anthony Cunningham
Inmate No. 563-623
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036-0056


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Daniel A. Cleary
        Mary McGrath
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   On September 16, 2010, the applicant, Anthony Cunningham ("Cunningham"),

pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204,

applied to reopen this court's judgment in *State v. Cunningham*, Cuyahoga App. No. 93167,

2010-Ohio-3183, in which this court affirmed Cunningham's convictions for two counts of aggravated robbery, and one count each of kidnapping, attempted rape, felonious assault, robbery, gross sexual imposition and possession of criminal tools. Cunningham maintains that his appellate counsel was ineffective because he should have argued that (1) the trial court erred by not suppressing the "cold stand" identification and (2) the trial court erred by failing to merge the kidnapping charge with the attempted rape charge. On September 27, 2010, the State of Ohio filed a brief in opposition. For the following reasons, this court denies the application.

{¶ 2} The evidence at trial showed the following: Early on the morning of July 3, 2008, as the victim approached an apartment complex, the assailant pointed a gun at her and took her cell phone. He demanded her money, but when she said she did not have any, he attempted to rape her. At this time, she screamed and struggled with the assailant. This attracted the attention of some of the apartment dwellers. Devante Richmond came to her aid, and another called "911." The assailant then fled. The police quickly arrived and soon thereafter arrested Cunningham as a suspect. The police brought Cunningham back to the apartment for a "cold stand" identification. The victim and Richmond both identified Cunningham as the assailant, but the victim did so only after hearing his voice.

{¶ 3} Defense counsel moved to suppress the identification. The trial court conducted a hearing and denied the motion to suppress the "cold stand" identification.

Cunningham now submits that his appellate counsel should have assigned as error the denial of that motion to suppress.

{¶ 4}   In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.   *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768.

{¶ 5}   In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential.   The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient.   Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 6}   Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions.   The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing

on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 7} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 8} In the present case, Cunningham's appellate counsel chose to argue that the verdict was against the manifest weight of the evidence because Cunningham was a victim of mistaken identification. As part of this argument, appellate counsel noted the inherent vulnerabilities of a "cold stand" identification. Cunningham was in the back of a police cruiser and was the only black male brought to the scene for purposes of identification. Appellate counsel also synthesized into this argument discrepancies between Richmond's and

the victim's initial descriptions of the assailant and Cunningham's appearance when he was arrested, the lack of physical evidence and investigation, inconsistencies among the witnesses regarding the assailant's hair style, and the fact that the victim's and Richmond's descriptions of the assailant also matched other black males in the vicinity. Appellate counsel chose to incorporate the weakness of a "cold stand" identification into a larger, more comprehensive argument on mistaken identity. Following the Supreme Court's admonition, this court will not second guess counsel's profession decisions on strategy and tactics.

{¶ 9} Cunningham's other assignment of error, that the kidnapping charge should have merged into the attempted rape charge, is ill-founded. A review of the docket shows that the trial judge in the sentencing entry merged the attempted rape charge with the kidnapping charge for purposes of conviction and sentencing.

{¶ 10} Accordingly, this court denies the application to reopen.

---

LARRY A. JONES,   JUDGE

PATRICIA A. BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR