OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Charles Preston, appeals the Carroll County Court of Common Pleas decision which found him guilty of aggravated vehicular homicide and sentencing him to consecutive prison terms. Preston challenges the consecutive nature of his sentence, arguing the trial court did not comply with Ohio's felony sentencing statutes. At the sentencing hearing, the trial court stated the reasons and made the findings required by felony sentencing statutes and recent Supreme Court decision. Thus, the decision of the trial court is affirmed.
 {¶ 2} Preston was indicted on multiple counts of driving under the influence, driving under suspension, aggravated vehicular assault, and aggravated vehicular homicide. Preston eventually pled guilty to one count of aggravated vehicular homicide and aggravated vehicular assault, felonies of first and second degrees respectively. The prosecutor jointly recommended a consecutive sentence of six years on the homicide charge and four years on the assault charge. The trial court rejected this recommendation and imposed a consecutive sentence of nine years and six years.
 {¶ 3} Preston's sole assignment of error argues:
 {¶ 4} "Whether the trial court erred by failing to state its reasons to support its findings for consecutive sentences as required by Revised Code 2929.14(E)(4) when imposing consecutive sentences of six years on count three with nine years on count one."
 {¶ 5} Preston argues the trial court failed to align the reasons it gave for ordering consecutive sentences to the findings it made supporting that decision. In addition, he contends that the record does not support the trial court's findings. We disagree.
 {¶ 6} Regarding the standard of review applied to a felony sentence, we may only vacate, increase, reduce, or otherwise modify a sentence if we clearly and convincingly find either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).
 {¶ 7} Pursuant to R.C. 2929.14(E)(4), the trial court can order the sentences to run consecutively if the court finds that: (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) the sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following apply:
 {¶ 8} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} The trial court is also obliged to state the reasons for selecting the sentence imposed on the record. R.C. 2929.19(B)(2)(c). As the Ohio Supreme Court recently held, the trial court must give both its findings and reasons at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20.
 {¶ 12} In this case, the trial court made the following statements at trial:
 {¶ 13} "You have essentially negotiated consecutive sentences as part of your plea negotiation in this. I am nevertheless required by law to review that recommendation, although apparently you're not objecting to it, and apply the sentencing statute as has been defined also by the Ohio Supreme Court * * *, and in order to justify the imposition of consecutive sentences, the court is required * * * [to] make specific findings and/or provide reasons on the record and one of those is, that the court must find that consecutive sentences are necessary to protect the public from future crime, and certainly with your substantial misdemeanor driving record, which includes 4 prior DUI's, and 10 license suspensions, and the fact that at 11:30 in the morning you were significantly intoxicated in this case, and driving under suspension, there is, well you do present a clear and present danger to the driving public of this state and for that matter the United States. This unfortunate circumstance, whether you describe it as an accident or otherwise, was an incident waiting to happen, and sooner or later it was bound to happen. The problem with it is, it was entirely avoidable.
 {¶ 14} "I have had cases in the 22 or 23 years I've been on the bench here, where a defendant has come in and either been convicted of or pled guilty to an aggravated vehicular homicide with an aggravating circumstance of intoxication and/or DUS on a one time basis. That was the first collar for DUI. That was the first collar for DUS. In your situation, you have repeatedly operated a motor vehicle under the influence, in and of itself bad enough. In and of itself a justification for a significant sentence. Compounded now by the fact that with 10 prior suspensions and under suspension at the time, you knew full well you had no driving privileges, drunk or sober, yet you decided to operate a vehicle with no driving privileges and extremely intoxicated, and at 11:30 in the morning, you either had to get a really early start to test .174 or you must have started the day before and never quit. Clearly there is a need for a consecutive sentence to protect the public from future criminal activity on your part.
 {¶ 15} "Also under the consecutive sentencing statute, the court finds that there is a clear need to punish you for what you have done and you know, in all honesty Mr. Preston, there is no amount of prison time that this court or any court could impose upon you which would make this situation right. There is no amount of prison term available that compensates any family for the loss of a loved one. What I read in the pre-sentence report, what I've heard today, what I've read in the Victim Impact Statement suggests that the decedent, notwithstanding I believe 80 years of age, was still a vibrant and healthy man and with the nature of medical services today, arguably could have lived to be a 100 years of age and you cut that life span down and deprived the family of the patriarch of the family for generations to come. Punishment is certainly in order.
 {¶ 16} "The court also finds that consecutive sentences would not be disproportionate to the seriousness of your conduct and that the, and to the danger that you pose to the public. The court finds that the harm caused to the victims in this case was so great that no single term of incarceration could possibly reflect the seriousness of your conduct, and frankly much less than the maximum sentences in this case would clearly demean the seriousness of your conduct and that you committed multiple offenses as part of one or more courses of conduct so that a single prison term would not appropriately address as I say the seriousness of your misconduct on that day and the history of this case and your prior criminal history suggests an obvious need for consecutive sentences to protect the public from future criminal activity on your part."
 {¶ 17} The trial court clearly made the necessary R.C. 2929.14(E)(4) findings. It found that there was a "need to punish" Preston by imposing consecutive sentences, that "consecutive sentences would not be disproportionate to the seriousness of your conduct and that the, and to the danger that you pose to the public," and that it needed to impose consecutive sentences "to protect the public from future criminal activity" by Preston.
 {¶ 18} Furthermore, the trial court adequately explained the reasons for those findings. Contrary to Preston's claims, the trial court did not sentence him to consecutive sentences merely because he killed someone while driving drunk, the definition of aggravated vehicular homicide. Preston has an extensive criminal history indicating that he would continue to drive both drunk and under suspension. Furthermore, the seriousness of his offense is aggravated by both the time of day and the level of alcohol in his blood when he was tested. These factors in combination support the trial court's findings.
 {¶ 19} For the foregoing reasons, Preston's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.