OPINION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles Preston, has filed an application for reopening pursuant to App.R. 26(B), seeking to revisit our decision pronounced in State v. Preston (June 8, 2005), 2005-Ohio-2929. Our prior decision affirmed a judgment of the Carroll County Court of Common Pleas finding appellant guilty of aggravated vehicular homicide and sentencing him to consecutive terms.
 {¶ 2} In this case, Appellant asserts he was provided ineffective assistance of appellate counsel based upon the fact that counsel failed to challenge the constitutionality of Appellant's sentence pursuant to the United States Supreme Court's ruling in Blakely v. Washington
(2004), 542 U.S. 296. Preston claims that had appellate counsel done so, not only would this Court have had an opportunity to review its prior decisions, it would also have preserved Appellant's right to assert this issue to the Ohio Supreme Court.
 {¶ 3} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011.
 {¶ 4} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 104 at 2065.
 {¶ 5} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366,672 N.E.2d 638.
 {¶ 6} In a series of cases, this court has already decided that Ohio's felony sentencing scheme does not violate the holding in Blakely, most recently in State v. Hogan (May 19, 2005), 7th Dist. No. 04 MA 175. In light of our prior decisions concluding that Blakely is not applicable to the Ohio felony structure, we cannot say that appellate counsel in the underlying case was ineffective for not raising a fruitless argument. Accordingly, Appellant's application for reopening is denied.
Vukovich, J., concurs. Waite, J., concurs. DeGenaro, J., concurs.