JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, George Eggleton, appeals from the sentences imposed upon him pursuant to his guilty plea to charges of aggravated robbery with firearm and repeat violent offender specifications, failure to comply with the order or signal of a police officer, carrying a concealed weapon, and possession of a weapon while under disability. We vacate the sentences imposed and remand for resentencing based upon the Ohio Supreme Court's decisions in State v. Foster, Ohio St.3d, 2006-Ohio-856 andState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 2} Appellant was charged in a seven count indictment filed August 17, 2004, with two counts of aggravated robbery with firearm and repeat violent offender specifications; failure to comply with the order or signal of a police officer; possession of criminal tools, carrying a concealed weapon; having a weapon while under disability; and aggravated burglary. On January 13, 2005, he entered a plea of guilty to Count 1, the first aggravated robbery charge with firearm and repeat violent offender specifications; Count 3, the failure to comply charge; Count 5, the charge of carrying a concealed weapon; and Count 6, the charge of having weapons while under disability. The remaining charges were dismissed. The court immediately sentenced appellant to three years on the firearm specification, to be served prior and consecutive to a seven year term of imprisonment on Count 1. The court further sentenced appellant to three years' imprisonment on Count 3, to be served consecutive to Count 1. The court further sentenced appellant to three years' imprisonment on Count 6, and eighteen months on Count 5, to be served concurrently with the other sentences. Thus, appellant's sentences consisted of a total of thirteen years' imprisonment. The court's sentencing order also stated that post release control was part of the sentence for the maximum time allowed for these felonies.
 {¶ 3} Appellant urges, first, that the court failed to inform him at the sentencing hearing that he was subject to a mandatory period of post release control following his term of imprisonment. The state concedes this error. "[W]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 27. Accordingly, we must vacate the sentences imposed and remand this matter for resentencing.
 {¶ 4} Appellant's second assignment of error also requires that we vacate the sentences imposed on him and remand for resentencing. Appellant contends that the court's imposition of sentences beyond the minimum terms available by statute was unconstitutional under the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296. The Ohio Supreme Court recently determined that the portion of the Ohio sentencing statutes which require the trial court to make findings before it can impose a sentence greater than the statutory minimum is unconstitutional under Blakely. State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, ¶ 61. The court severed this provision, R.C.2929.14(B), from the remainder of the statute, resulting in the conclusion that "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant." Id., ¶¶ 97 and 99. The court further held that, in all cases pending on direct review, the sentences imposed should be vacated and the matters remanded for resentencing. Accordingly, we must vacate the sentences imposed by the court and remand for resentencing for this additional reason.
Sentences vacated and remanded.
The sentences imposed in this cause are vacated and this matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common ples court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
J. Corrigan, J. and Blackmon, J. concur.