OPINION
{¶ 1} Appellant, Antwon M. Wright, appeals from the judgment entry of the Lake County Court of Common Pleas sentencing him to a total of five years incarceration. Pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellant's sentence is vacated and the matter is remanded for re-sentencing.
 {¶ 2} On November 23, 2005, appellant pleaded guilty to one count of failure to comply with an order of a police officer, a felony of the third degree in violation of R.C. 2921.331(B), one count of receiving stolen property, a felony of the third degree in violation of R.C. 2923.24, and one count of burglary, a fourth degree felony in violation of R.C. 2911.12(A)(4).
 {¶ 3} On January 3, 2006, appellant was sentenced: On the failure to comply charge, appellant was sentenced to a four year term of imprisonment to be served consecutively to two concurrent one year terms for the burglary and receiving stolen property charges. The consecutive terms were required by law under R.C. 2929.331(D). In total, appellant was sentenced to five years. He now appeals asserting the following assignment of error:
 {¶ 4} "The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury [sic] or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."[1]
 {¶ 5} We first point out that the trial court sentenced appellant to consecutive sentences. In Foster, supra, the Supreme Court of Ohio deemed R.C. 2929.14(E)(4), unconstitutional because it required "judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences * * *." Foster,
at paragraph three of the syllabus.
 {¶ 6} Here, although the trial court made findings pursuant to R.C. 2929.14(E)(4), such findings were not required to trigger the imposition of consecutive sentences. Specifically, appellant pleaded guilty to, inter al., one count of failure to comply with an order of a police officer pursuant to R.C.2921.331(B). A violation of R.C. 2921.331(B) can result in a misdemeanor of the first degree, a felony of the fourth degree, or a felony of the third degree. Ordinarily, pursuant R.C.2921.331(C)(5)(a), the trier of fact is required to make specific factual findings beyond a reasonable doubt to obtain a felony three conviction under R.C. 2921.331(B). However, appellant's plea agreement reflects he knowingly and voluntarily pleaded guilty to the felony three version of R.C. 2921.331(B) and thus effectively admitted the findings under R.C. 2921.331(C)(5)(a).
 {¶ 7} Before a court may sentence an offender for a felony three "pursuit" violation under R.C. 2921.331(B), it must determine "the seriousness of the offender's conduct" by considering the factors under R.C. 2929.12 and 2929.13 and:
 {¶ 8} "(i.) The duration of the pursuit;
 {¶ 9} "(ii) The distance of the pursuit;
 {¶ 10} "(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;
 {¶ 11} "(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;
 {¶ 12} "(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;
 {¶ 13} "(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;
 {¶ 14} "(vii) Whether the offender committed a moving violation during the pursuit;
 {¶ 15} "(viii) The number of moving violations the offender committed during the pursuit;
 {¶ 16} "(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense."
 {¶ 17} The record reflects these factors were presented to the trial court during the sentencing hearing and the trial court made several explicit findings pertaining to these factors. All said, the record reflects the court considered the foregoing factors
 {¶ 18} Finally, R.C. 2921.331(D) provides:
 {¶ 19} "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 20} As appellant was properly sentenced pursuant to R.C.2921.331(C)(5), the trial court was required, as a matter of law, to impose consecutive sentences.[2] Any error resulting from the court's findings under R.C. 2929.14(E)(4) is therefore harmless. The court properly sentenced appellant to consecutive terms pursuant to R.C. 2921.331(B) and (D).
 {¶ 21} That said, appellant asserts the trial court violated his constitutional rights by sentencing him to more than the minimum on his failure to comply and burglary convictions and to the maximum on his burglary conviction pursuant to R.C.2929.14(B) and (C). Appellant's argument has merit.
 {¶ 22} In Foster, the court determined R.C. 2929.14(B) and (C) were unconstitutional because they mandate judicial fact finding before a sentencing court may impose a sentence greater than the maximum term authorized by a jury verdict or admission by the offender. Foster, at paragraph one of the syllabus. For remedial purposes, R.C. 2929.14(B) and (C) were severed from the statutory scheme. Foster, at paragraph two of the syllabus. Subsequent to Foster, "judicial fact finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Foster, supra.
 {¶ 23} Here, the maximum term authorized by appellant's plea of guilty would be the shortest prison term authorized for the offenses in question pursuant to R.C. 2929.14(A): one year on the failure to comply conviction and receiving stolen property conviction and six months on the burglary conviction. In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute but now deemed unconstitutional and void by the Supreme Court of Ohio. Upon remand, the trial court is no longer required to make findings for imposing the maximum or more than the minimum sentences.Foster, supra, at paragraph seven of the syllabus. On that basis, appellant's assignment of error has merit.
 {¶ 24} Pursuant to the foregoing, appellant's sentence is void, must be vacated and the matter remanded for re-sentencing. On remand, appellant may argue for a reduction in his original sentences; however, nothing prevents the state from seeking greater penalties. Foster, supra, at ¶ 105, citing, UnitedStates v. DiFrancesco (1980), 449 U.S. 117, 134-136. Therefore, appellant's sole assignment of error has merit and the judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded for re-sentencing.
Ford, P.J., Grendell, J., concur.
[1] Appellant originally assigned the following error for our review: "The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury." Appellant subsequently filed a supplemental brief and "corrected" his assignment of error to reflect his R.C. 2929.14(B) and2929.14(C) arguments.
[2] R.C. 2921.331(D) and R.C. 2929.14(E)(4) are independent of one another and thus, where R.C. 2921.331(D) is operative, a trial court is not required to make findings under former R.C.2929.14(E)(4). See, e.g., State v. Lawson, 2d Dist. No. 19643, at ¶ 7, 2003-Ohio-3775.