{¶ 1} Defendant-appellant, Wadell Green ("defendant"), challenges the sentence imposed by the trial court following his conviction for domestic violence. For the reasons that follow, we affirm.
 {¶ 2} Defendant's sole assignment of error states as follows:
 {¶ 3} "I. The trial court erred in sentencing appellant to the maximum sentence of eighteen (18) months for his conviction of domestic violence, a felony of the fourth degree."
 {¶ 4} Defendant believes that his maximum 18-month prison sentence for domestic violence is contrary to law. We review sentencing under a clear and convincing evidence standard.
 {¶ 5} Following the release of State v. Foster, 109 Ohio St.3d 1, courts need only consider the statutory factors of Ohio's statutory sentencing scheme. Id. at paragraph 7 of the syllabus ("[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.")
 {¶ 6} Defendant asserts that the trial court failed to "accurately consider" the circumstances surrounding the offense. Specifically, defendant maintains the court erred by finding that the victim suffered serious emotional harm, that the crime was facilitated by appellant's relationship with the victim, that he had an unsuccessful *Page 4 
period of parole, that he was unremorseful, and that there was a likelihood of recidivisim. Defendant suggests that these findings by the court reflect that it engaged in the fact finding that was declared unconstitutional by Foster.
 {¶ 7} While courts are no longer duty-bound to make statutory findings, the same may still be utilized as a guidepost in making a sentencing determination. It is also a useful aid for an appellate court in ascertaining and understanding the trial court's rationale behind its imposition of a certain sentence.
 {¶ 8} In this case, the record contains the following colloquy between the court and defendant:
 {¶ 9} "THE COURT: As you acknowledged, you were previously convicted of drug trafficking. Are you married to the victim?
 {¶ 10} "DEFENDANT: Yes, sir.
 {¶ 11} "THE COURT: You were under court order at the time that you committed that act, right?
 {¶ 12} "DEFENDANT: Yes.
 {¶ 13} "THE COURT: You've been on parole in the past?
 {¶ 14} "DEFENDANT: After I served my time, yes. With no problems, no — no courts.
 {¶ 15} "THE COURT: The Court finds that the victim suffered serious emotional harm as a result of defendant's acts. The crime was facilitated by his relationship to the victim. There was a type of court control at the time he committed *Page 5 
the crime. There was a history of conviction, unsuccessful periods of parole establishing future criminal behavior.
 {¶ 16} "This case is remarkable for the lack of remorse the defendant has displayed for the violent behavior that he has committed against his spouse. There was physical harm as demonstrated from the photographs. There was a type of community control; to-wit, a temporary protective order, which was violated.
 {¶ 17} "Based on the foregoing, the Court finds that he has a great likelihood of recidivism * * *." (Tr. pp. 289-291.)
 {¶ 18} The record illustrates that defendant has a history of violence against this victim. That he waited for her and a companion to exit a bar so that he could physically assault them. Defendant admits he "slapped" his wife in the face, justifying it by claiming she had lied to him. Defendant's wife testified that defendant "busted" her mouth open by punching her. With defendant's second punch, she fell into a truck. When she slid out of the truck she saw defendant swinging a shovel, as other people were attempting to come to her defense.
 {¶ 19} Regardless of the general findings made by the trial court in sentencing, the record evidence as a whole clearly and convincingly supports the sentence.
 {¶ 20} Defendant's sole assignment of error is overruled.
Judgment affirmed. It is ordered that appellee recover from appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1