JOURNAL ENTRY AND OPINION
{¶ 1} Appellant George Eggleton appeals the sentence imposed after this court's remand for re-sentencing. Eggleton assigns the following errors for our review:
 "I. The trial court made impermissible findings of facts prior to imposing a criminal sentence and violated the holding of State v. Foster.'"
 "II. Ohio Revised Code § 2921.331(C) violates State v. Foster because the Statute states that if it is a first-degree misdemeanor unless the `judge as trier of fact' determines that the offense was committed with judicially-determined specifications."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Eggleton's sentence. The apposite facts follow. *Page 2 
 {¶ 3} On August 17, 2004, the Cuyahoga County Grand Jury indicted Eggleton on two counts of aggravated robbery with firearm and repeat violent offender specifications; failure to comply with the order or signal of a police officer; possession of criminal tools; carrying a concealed weapon; having a weapon while under disability; and aggravated burglary. On January 10, 2005, Eggleton pleaded guilty to one count of aggravated robbery with firearm and repeat violent offender specifications. Eggleton also pleaded guilty to the failure to comply with the order or signal of a police officer; carrying a concealed weapon; and having a weapon while under disability. The remaining charges were dismissed.
 {¶ 4} The trial court immediately sentenced Eggleton to three years on the firearm specification, to be served prior to and consecutive to a seven-year term of imprisonment for aggravated robbery. The trial court further sentenced appellant to three years imprisonment for failure to comply, to be served consecutive to the sentence imposed for aggravated robbery. The trial court further sentenced Eggleton to three years imprisonment for having a weapon while under a disability, and eighteen months for carrying a concealed weapon, to be served concurrently with the other sentences. Thus, Eggleton's sentences consisted of a total of thirteen years imprisonment. *Page 3 
 {¶ 5} Thereafter, Eggleton filed a direct appeal to this court. InState v. Eggleton,[1] we vacated Eggleton's sentence and remanded for re-sentencing based upon the Ohio Supreme Court's decision in State v.Foster,[2] and because the trial court failed to advise Eggleton of the mandatory period of post-release control following his term of imprisonment.
 {¶ 6} On June 5, 2006, following the remand from this court, the trial court again sentenced Eggleton to an aggregate prison term of thirteen years.
 Foster {¶ 7} In the first assigned error, Eggleton argues his sentence is improper, because the trial court made findings of facts, thus violating the Ohio Supreme Court's pronouncements in State v. Foster[3] We disagree.
 {¶ 8} In Foster, the Ohio Supreme Court held that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional.[4] The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum *Page 4 
sentences.[5] While courts are no longer duty-bound to make statutory findings, the same may still be utilized as a guidepost in making a sentencing determination.[6] It is also a useful aid for an appellate court in ascertaining and understanding the trial court's rationale behind its imposition of a certain sentence.[7]
 {¶ 9} The record before us reveals that at Eggleton's re-sentencing hearing, he alleged that he was promised a seven-year prison term at the time he pleaded guilty. As a result of Eggleton's allegations, the following colloquy took place:
 "The Court: You get out of the institution and within a year you're involved in a robbery where you're just ready to shoot another person. I remember the victim appeared in court, his life is forever changed. He was extremely traumatized. You know, I see no reason why we should give you less than you got the first time. And this whole suggestion that there was a deal of seven years, where did you get that?
 The Defendant: Your Honor, that's what my attorney told me, that I would receive seven years.
 The Court: I just spoke with your attorney, he was in my chambers not fifteen minutes ago.
 The Defendant: Your Honor-
 The Court: And he said to me he did not say that. *Page 5 
The Defendant: That man told me and my family seven years."[8]
 {¶ 10} The record reveals that Eggleton continued to insist that he was promised a seven-year prison sentence. Consequently, the trial court read the transcript of the plea proceedings and recounted the facts of the underlying case. Thereafter, the trial court stated:
 "All right. I'm going to thank everybody for their indulgence while I was reading through this. All right. I've had an opportunity now to review this transcript. I've spoken to your attorney, who represented you at the time, Richard Drucker. I had an opportunity to discuss this with Mr. Gallick. Most importantly, though, I reviewed your record. I reviewed the record of this case. There is no way that I would have considered giving you seven years. That promise was never made to you. And the record does include a comment from the prosecutor that there were no threats or promises made to you for this plea. He stood in this open court room, on the record and made that statement in your presence. You know, I could only regard this seven-year argument as a weak one, George, grasping at any straws that you could potentially grasp. * * * You know, you put yourself in this situation, not I. There is very little that I can do. Even if I were to somehow miraculously grant you release on this, you have 37 years with the Parole Board, and it is very likely, given the facts and circumstances in the first case, and now with the second case, that they're going to have you do a very substantial amount of time. * * * The fact of the matter is that within ten months of getting out of a state penal institution where you did 13 years, you're involved in a serious aggravated robbery. * * * I mean this is a situation that clearly speaks for the sentence that was imposed and I don't think I should reward you for coming up with some ridiculous argument that you were promised seven years. That just simply isn't the case. It's not borne out of the records. Its not borne out by your attorney here. It was not borne out by your attorney then. It was not even borne out by your stepfather."[9] *Page 6 
 {¶ 11} The above excerpt indicates that the trial court was responding to Eggleton's assertions that he was promised a seven-year sentence. We conclude that the trial court was not making findings that violateFoster. Consequently, the sentence the trial court imposed did not contravene the Ohio Supreme Court's pronouncements in Foster.Foster specifically grants trial courts discretion to sentence within the applicable statutory range.[10] Here, Eggleton pleaded guilty to aggravated robbery, a first degree felony with a three-year gun specification; carrying a concealed weapon, a felony of the fourth degree; having a weapon while under disability and failure to comply with an order or signal of a police, both third degree felonies. UnderFoster, these were sufficient admissions by Eggleton to allow the trial court to sentence him to any period authorized by statute for offenses of these degrees.[11] Accordingly, we overrule Eggleton's assigned errors.
 Failure to Comply {¶ 12} In the second assigned error, Eggleton argues the trial court violated Foster when it sentenced him to serve three years for failure to comply with an order or signal of a police. We disagree.
 {¶ 13} In the instant case, the grand jury indicted Eggleton for one count of failure to comply with the signal or order of a police officer. The indictment also *Page 7 
contained a furthermore clause, which specified that the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. A violation of R.C. 2921.331(B) can result in a misdemeanor of the first degree, a felony of the fourth degree, or a felony of the third degree.[12] Ordinarily, pursuant R.C.2921.331(C)(5)(a), the trier of fact is required to make specific factual findings beyond a reasonable doubt to obtain a felony three conviction under R.C. 2921.331(B).[13]
 {¶ 14} However, the record before us reflects that Eggleton knowingly and voluntarily pleaded guilty to the felony three version of R.C.2921.331(B) as specified in the indictment. Thus, Eggleton effectively admitted the findings under R.C. 2921.331(C)(5)(a). The trial court sentenced Eggleton to a prison term of three years, which is within the statutory range for a third-degree felony.
 {¶ 15} Pursuant to the foregoing, we conclude that the trial court did not make any findings in contravention of the pronouncements inFoster. The sentence the trial court imposed was proper. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Cuyahoga App. No. 86551, 2006-Ohio-2213.
[2] 109 Ohio St.3d 1, 2006-Ohio-856.
[3] Id.
[4] Id.
[5] Id.
[6] State v. Green, Cuyahoga App. No. 88096, 2007-Ohio-1291.
[7] Id.
[8] Tr. at 12-14.
[9] Tr. at 23-25.
[10] 109 Ohio St.3d 1, 2006-Ohio-856 at paragraph seven of the syllabus.
[11] State v. Bounthisavath, 11th Dist. No. 2006-L-160,2007 Ohio 1064.
[12] State v. Wright, 11th Dist. No. 2006-L-017,2006-Ohio-3435.
[13] Id. *Page 1