JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Azzam Ahmed ("defendant"), appeals from his resentencing in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm and remand for clarification.
 {¶ 2} On May 20, 2003, defendant was indicted on 53 counts, including gross sexual imposition, sexual battery, and rape. The matter proceeded to a jury trial and *Page 3 
defendant was found guilty on two counts of rape, seven counts of sexual battery and 11 counts of sexual imposition. Two of the counts of sexual battery were merged with the two counts of rape for purposes of sentencing and defendant received a maximum term of 45 years in prison.[1] Defendant appealed to this Court and we affirmed the conviction but reversed and remanded for resentencing. See State v.Ahmed, Cuyahoga App. No. 84220, 205-Ohio-2999.
 {¶ 3} At the re-sentencing hearing on May 23, 2006, the trial court did not merge the two counts of sexual battery with the two counts of rape and increased the previous sentence of 45 years to 55 years by ordering that the maximum sentences for each felony offense be served consecutively. Defendant timely appealed from his resentencing, raising three assignments of error for review.
 {¶ 4} "I. The sentencing criterea [sic] imposed by the State of Ohio through Revised Code 2929. as interpreted in State v. Foster109 Ohio St.3d 1; 2006 Ohio 856 (2006) [sic] violates the Sixth Ammendmant [sic] of the Constitution of the United States.
 {¶ 5} "II. The trial court erred in imposing the maximum consecutive sentence allowed upon the appellant, violating the constitution [sic] of the Sate [sic] of Ohio and the United States of America."
 {¶ 6} Since the first two assignments of error are interrelated, we shall address them together. Defendant asserts that his maximum consecutive 55-year *Page 4 
sentence for two counts of rape, seven counts of sexual battery and 11 counts of sexual imposition is excessive and contrary to law because the trial court did not consider the factors set forth in R.C. 2929.12. Specifically, defendant maintains that he should have been given community controlled sanctions, that he has always been a law-abiding citizen, that he is not likely to offend because his medical license was taken away, that he has shown remorse for the offenses, and that the 55-year term amounts to a life sentence.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, 159 L.Ed.2d 403, because said provisions required judicial fact finding to exceed the sentence allowed simply as a result of a conviction or plea. The court therein concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 8} While courts are no longer duty-bound to make statutory findings, trial courts are still required to consider the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. See State v. Duff, Licking App. No. 06CA81,2007-Ohio-1294; State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282. Accordingly, while judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms, such findings can be a *Page 5 
useful aid for an appellate court in ascertaining and understanding the trial court's rationale behind its imposition of a certain sentence. SeeState v. Green, Cuyahoga App. No. 88096, 2007-Ohio-1291.
 {¶ 9} Here, our review of the resentencing hearing shows that the trial court did consider the general guidance and statutory factors when imposing the maximum consecutive sentences. The trial court sentenced defendant to consecutive maximum terms based on the physical and mental injuries suffered by his victims, the position of trust the defendant held at the time of the offenses, and the fact that he used this position to facilitate the offenses, and on its finding that "there has never been a situation like this where a doctor so violated the interest and the responsibility that he's had to his client. And so, therefore, the Court is in a situation where the Court has to look out for what are the best interests of today and the impact his conduct has had on society, and not just women, on society in general. That they can be so betrayed by a person of trust." (Tr. 16-17).
 {¶ 10} During sentencing, the court appeared to intend to impose a combined sentence of 45 years.[2] The transcript of the plea hearing indicates that the trial court found, as a matter of law, that two counts of sexual battery merged with two counts of rape for purposes of sentencing and imposed a sentence of 45 years. However, the court's sentencing entry imposed a combined sentence of 55 years. It is a fundamental principle of appellate review that the court speaks only through its *Page 6 
journal. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d454, 455. Do to the significant discrepancy between the court's stated intent to impose a 45-year sentence and the journal entry that reflects a 55-year sentence, we remand this case back to the trial court to clarify its intentions by reconciling the journal entry.
 {¶ 11} Assignments of error I and II are overruled.
 {¶ 12} "III. The trial court erred in allowing bail money, provided by the wife of the appellant to be applied to fines levied, constiuting [sic] an unlawful taking of property in violation of the Constitution of the United states [sic] and the State of Ohio."
 {¶ 13} In his third assignment of error, defendant claims that the trial court erred in applying a $50,000 bond toward the payment of fines imposed by the trial court.
 {¶ 14} Bail of any type deposited by an accused is subject to forfeiture proceedings pursuant to R.C. 2937.40(C). Once bail is deposited in the clerk's office by an accused, the court can lawfully apply the deposited bail toward the satisfaction of any penalty, fines, or costs assessed against the accused. R.C. 2937.40(C). The question of whether the bail was deposited by the accused or by someone other than the accused is a question of fact left to the discretion of the trial court. State v. Howard (June 1, 1984), Clark App. No. 1909.
 {¶ 15} Here, the record demonstrates that the trial court ordered a bond to be posted in the amount of $50,000 on May 21, 2003. However, the record does not contain the bond and there is no evidence of who actually posted it. Defendant *Page 7 
claims that his wife provided the bond money and that his then attorney signed a clerk's office form, which authorized the application of this money to any fines or costs, which the court might ultimately impose. However, as previously noted, neither the bond nor the clerk's office form is contained in the record.
 {¶ 16} An appellate court's review is limited to the record presented before it. See App.R. 9 and 12(A)(1)(b). An appellant has the burden of providing a record on appeal. See App.R. 9(B) and 10(A). This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. See App.R.9(B). When the record is incomplete or unclear, an appellate court must presume the regularity of the trial court's proceedings and affirm its decision. See Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409 (where portions of the record are omitted, which are necessary for effective review, the appellate court must affirm).
 {¶ 17} Since the record is unclear exactly who posted the bond, we are unable to review defendant's assignment of error for lack of a complete record, and we must presume the regularity of the trial court proceedings. {¶ 18} Assignment of Error III is overruled.
Judgment affirmed; cause remanded for clarification of sentencing.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] Original Sentencing Transcript at page 4748.
[2] Original Sentencing Transcript at page 4748. *Page 1