{¶ 16} I respectfully dissent from the majority opinion that finds merit in McDaniel's third assignment of error. I believe the record, taken as a whole, supports the trial court's decision to deny McDaniel's request to withdraw his previously entered guilty plea. Further, I would overrule McDaniel's first, second, fourth and fifth assignments of error.
 {¶ 17} As the majority notes, McDaniel filed a pro se motion to withdraw his guilty plea prior to sentencing. The court reviewed the motion and even ordered a transcript of the earlier plea proceeding to review McDaniel's claim that his attorney coerced him to accept the plea or placed him under duress. McDaniel told the court that he never wanted to plead guilty. The trial court reminded McDaniel that at the plea hearing, he told the court that he was not being coerced into pleading guilty. During the original plea hearing McDaniel was specifically asked: *Page 9 
 "THE COURT: Anyone threaten you, or promised you anything in order to talk you into changing your plea other than the agreed upon 5 year sentence?
 THE DEFENDANT: No, your Honor.
 THE COURT: You under any coercion or duress?
 THE DEFENDANT: No, your Honor."
 {¶ 18} McDaniel's motion to withdraw his guilty plea was coupled with a motion to fire his attorney. Prior to sentencing, the trial court went through a lengthy dialogue with McDaniel regarding the reasons why he wanted a new attorney. McDaniel simply reiterated that he did not want to plead guilty and that he wanted to go to trial. The trial court denied his motion to fire his attorney, stating that McDaniel had provided no legal reason to change counsel, and the court noted that the attorney had worked tirelessly over the course of two days to accomplish a plea agreement that was acceptable to McDaniel, as well as to the state.
 {¶ 19} Although McDaniel was not given an opportunity to expound on his allegation that he was coerced into pleading guilty, I believe the record is clear that McDaniel had the opportunity to outline his claim in his written motion, as well as at the hearing on his motion to fire his attorney. Further, the court went to great length to review the full record to ensure that no coercion or duress was present at the time of the plea. In effect, a thorough review of the issue was conducted. Nothing more was to be gained from a *Page 10 
longer, more involved hearing. As the majority points out, "[t] he scope of the hearing to be held on the Crim.R. 32.1 motion should be reflective of the substantive merit of the motion itself."Smith, supra. Since the actual motion to withdraw his guilty plea is not part of the record, we are to presume regularity of the trial court proceedings. State v. Ahmed, Cuyahoga App. No. 88315, 2007-Ohio-2639. A review of the record before us indicates that the trial court reviewed McDaniel's motion and the plea proceedings, spoke with McDaniel and the state, and denied McDaniel's motion. "[B] old assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." Smith, supra.
 {¶ 20} At some point, absent some independent evidence, we must accept what a defendant says on the record. To hold otherwise merely encourages "claimed" errors. Further it makes pointless the record that trial courts painstakingly work to establish at the time of plea. In this case, nothing could be gained by a more extensive hearing. At his plea hearing, McDaniel was asked, "You under any coercion or duress?" and he answered, "No, your Honor." The transcript reflects a level of clarity that, at some point, we must accept. Accordingly, I would find that the trial court did not abuse its discretion when it denied McDaniel's motion to withdraw his guilty plea. *Page 1