JOURNAL ENTRY AND OPINION
{¶ 1} On August 14, 2007, the applicant, Azzam Ahmed, applied pursuant to App.R. 26(B) to reopen this court's judgment in State v. Ahmed, Cuyahoga App. No. 88315, 2007-Ohio-2639, in which this court overruled Ahmed's three assignments of error regarding his resentencing[1], but remanded to clarify an inconsistency between the sentencing hearing at which the judge imposed a forty-five year sentence and the journal entry which imposed a fifty-five year sentence.[2] On September 24, 2007, the State of Ohio filed a brief in opposition. For the following reasons, this court denies the application to reopen.
 {¶ 2} First, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. *Page 4 
 {¶ 3} In the present case Ahmed appealed to the Supreme Court of Ohio, which denied his appeal. State v. Ahmed, Supreme Court of Ohio Case No. 07-1357. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752;State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241. Moreover, before the Supreme Court of Ohio, Ahmed argued, inter alia, (1) ineffective assistance of appellate counsel, especially as to the failure to preserve arguments; (2) that the application of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, violated the Ex Post Facto and Due Process Clauses; and (3) that because Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed2d 403, (2004), did not prohibit judicial fact finding on whether the defendant had previously served prison time, the trial court erred in imposing more than the minimum sentence. Ahmed's current application to reopen raises these exact issues. The application of res judicata in this case would not be unjust.
 {¶ 4} Moreover, under App.R. 26(B)(5) Ahmed has failed to show there is genuine issue as to whether he was deprived of the effective assistance of appellate counsel. In order to establish a claim of ineffective assistance of appellate counsel, *Page 5 
the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 5} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 6} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might *Page 6 
lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles inState v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638 andState v. Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987.
 {¶ 7} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 8} Ahmed first argues that his appellate counsel should have raised the following assignment of error: The Trial Court erred in sentencing Appellant to more than minimum sentences, as the imposition of a minimum sentence upon a defendant who has not previously been imprisoned did not constitute judicial fact-finding under Blakely v. Washington,542 U.S. 296 (2004). The gravamen of this argument is that the Supreme Court of Ohio improperly declared all of R.C. 2929.14(B) unconstitutional, when it should have only invalidated subsection (B)(2) *Page 7 
and preserved the General Assembly's presumption of a minimum sentence. Ahmed further recognizes that this court, if presented with this argument, should not have upheld it, because the argument seeks the partial overruling of Foster. Nevertheless, Ahmed maintains that his appellate counsel was ineffective for failing to preserve the argument for review by the Supreme Court of Ohio.
 {¶ 9} It is hard to imagine a more basic strategic choice than deciding whether to advance an immediately losing argument so that it can be raised at the next level or to argue an issue on existing law in the hope of an immediate benefit to the client. This court will not second guess appellate counsel's strategic decisions.
 {¶ 10} Ahmed next submits that his appellate counsel should have argued that Foster violated the Ex Post Facto Clause and deprived him of the presumptions of a minimum sentence and against maximum, consecutive sentences. However, this court fully considered the Ex Post Facto argument and rejected it in State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. See, also, State v. Moviel, Cuyahoga App. No. 88984, 2007-Ohio-5947. Appellate counsel is not ineffective for rejecting a losing argument. Furthermore, appellate counsel did argue that the trial court erred in imposing maximum and consecutive sentences which violated the Ohio and United States Constitutions and that the sentencing criteria as interpreted inFoster violated the Sixth Amendment. Again, this court will not second guess the professional judgments of counsel. *Page 8 
 {¶ 11} Finally, Ahmed asserts that his appellate counsel mishandled the third assignment of error, that the trial court erred in allowing Ahmed's bail money which had been provided by his wife to be applied to fines, by failing to submit a full and adequate record. In the subject appeal Ahmed argued that when his trial lawyer posted the $50,000 bond, he signed a "Clerk's Office Form" which authorized the application of this money toward any fine imposed. At the initial sentencing the trial judge imposed a $115,000 fine, and the clerk's office applied the bond money to the fine the next day. When this court vacated the sentence in Case No. 84220, this necessarily vacated the fine also. Thus, on remand Ahmed argued that Mrs. Afnan Ahmed supplied the money for bail, but neither she nor Ahmed had given the trial attorney authorization to sign the form allowing the bond money to be applied toward the fines, or they had revoked any such authorization before the resentencing. The argument continued that because R.C. 2937.40(B) provides that money deposited for bail may not be applied to fines except upon express approval of the person who deposited the money, the bond money should be returned. The trial court rejected this argument and reimposed the fines. This court overruled this assignment of error, because neither the bond nor the clerk's office form were in the record, and without those documents this court could not review the assignment.
 {¶ 12} In the application to reopen, Ahmed included copies of the "Felony Bail Recognizance" and the clerk's office form signed by the trial attorney. Ahmed argues that his appellate counsel was ineffective for failing to provide an adequate *Page 9 
record and for failing to argue the following assignment of error: "The Trial Court erred in ordering the Appellant's bond to be applied to his costs and fines without first conducting a hearing to determine who had paid the bond."
 {¶ 13} However, Ahmed's argument fails to show prejudice. R.C.2937.40(B) provides that if someone other than accused provides the money for bail, that money may not be applied toward the satisfaction of a fine, except upon the express approval of the person who deposited the money. Subsection (C) provides that if the accused uses his own money for bail, then, if the accused is not indigent, the court may apply the bond money toward any fine. Thus, the threshold issue is whose money was used, Ahmed's or his wife's. At the resentencing Ahmed submitted his wife's affidavit which stated, "That money came from my account." This is not necessarily identical to stating, "That was my money." More importantly, during the resentencing the trial judge explicitly heard argument on whether the bail money could be used toward satisfying the fines. The trial judge rejected the evidence presented: "Forget Mrs. Ahmed, because I wouldn't believe anything she said. Nothing Mrs. Ahmed would say would I believe." (May 23, 2006 Transcript, Pg. 14.) Furthermore, the documents submitted with the application do not aid Ahmed's case. The clerk's office form identified the money as the property of the defendant, and the Felony Bail Recognizance form was signed by Assam Ahmed, not Afnan Ahmed. Therefore, because the trial judge did hear the matter and because of the *Page 10 
lack of evidence establishing the bail money as the wife's property, the proposed assignment of error would not have been well taken. There is no prejudice.
 {¶ 14} Accordingly, the application to reopen is denied.
CHRISTINE T. MCMONAGLE, P.J., and MELODY J. STEWART, J., CONCUR
[1] In State v. Ahmed, Cuyahoga App. No. 84220, 2005-Ohio-2999, this court affirmed his convictions for two counts of rape, seven counts of sexual battery and eleven counts of sexual imposition, but reversed and remanded for resentencing.
[2] On remand on July 25, 2007, the trial judge clarified that Ahmed's sentence is to be forty-five years. *Page 1