[Cite as *State v. Eggleton*, 2012-Ohio-4942.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98289**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE EGGLETON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-455487

**BEFORE:** Sweeney, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**APPELLANT**

George Eggleton, Pro Se
No. 480-767
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901

**ATTORNEY   FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant County Prosecutor
Ninth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant, George Eggleton, appeals after being re-sentenced for his convictions. For the reasons that follow, we affirm but remand with instructions to correct a clerical error in the journal entry.

{¶2} Defendant pled guilty in 2005 to the following: aggravated robbery, a first degree felony, with firearm and repeat violent offender specifications as well as a notice of prior conviction; failure to comply with order, signal of police officer, a third degree felony; carrying concealed weapons, a felony of the fourth degree; and having weapons while under disability, a felony of the third degree. At that time, the court ordered defendant to serve an aggregate prison sentence of 13 years. In 2006, this court vacated his sentences and remanded for resentencing due, in part, to the improper imposition of postrelease control. *See State v. Eggleton*, 8th Dist. No. 86551, 2006-Ohio-2213. Defendant was resentenced on June 8, 2006, and the judgment was affirmed on appeal in *State v. Eggleton*, 8th Dist. No. 88400, 2007-Ohio-2506. However, he did not challenge his sentence as being void based on the improper imposition of postrelease control.

{¶3} Defendant filed a motion in the trial court alleging his resentencing was void because he was not properly advised of postrelease control. The State agreed that the resentence did not include the proper term of postrelease control. The State moved

for a stay of the resentencing pending the Ohio Supreme Court's decision in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.[1]

**{¶4}** In 2010, the trial court ordered that defendant be returned for re-sentencing. The trial court conducted the resentencing hearing on July 20, 2010. The controlling law at that time required the trial court to hold a de novo sentencing hearing. *Id.* at paragraphs one and two of the syllabus. The trial court proceeded to impose an aggregate sentence of 11 years. The journal entry also added that "counts one and three are mandatory time" and advised that the five year term of postrelease control was mandatory. Defendant's appeal was dismissed for failure to comply with App.R. 9(B). Thereafter, defendant filed a motion for resentencing that was denied and defendant's appeal was dismissed.

**{¶5}** Defendant then filed a motion to correct his sentence or for specific performance, claiming that the journal entry erroneously indicated that counts one and three are mandatory time. The State does not dispute this contention but asserts that the only mandatory component of defendant's sentence is his five year term of postrelease control. The trial court denied defendant's motion, which forms the basis of this appeal. Defendant asserts the following error for our review:

I.

---

[1] *State v. Singleton,* has been effectively overruled by the holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (resentencing is limited to proper imposition of post release control and res judicata applies to all other aspects of the sentence.)

The trial court committed reversible error when it denied George Eggleton's Motion for Correction to Sentence and Motion to Effect Specific Performance when the judgment was unlawfully altered at his resentencing hearing on July 13, 2010.

**{¶6}** The only issue appears to involve that portion of the trial court's journal entry that indicated "counts one and three are mandatory time." The State does not address this language and instead argues that the trial court properly imposed a mandatory five year term of postrelease control. The only portion of counts one or three that involved a mandatory prison term was the firearm specification. Accordingly, the indication that "counts one and three are mandatory time" is not entirely accurate. We note that there is no other mention in the record that counts one and three involved mandatory time (beyond the firearm specification) and the trial court's previous sentencing journal entries did not include this unclear provision, which is an apparent clerical error. Pursuant to Crim.R. 36, the trial court may correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission at any time. Accordingly, this assignment of error is sustained in part. This matter is remanded with instructions to correct the journal entry to delete the language that "counts one and three are mandatory time" or clarify that it pertains only to the term imposed for the firearm specification. The judgment is affirmed in all other respects.

**{¶7}** Judgment affirmed and remanded for correction of the journal entry. It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR