[Cite as *State v. Howard*, 2014-Ohio-5679.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100094**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LEDON HOWARD**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-12-566854-A
Application for Reopening
Motion No. 477763

**RELEASE DATE:** December 22, 2014

**FOR APPELLANT**

Ledon Howard, pro se
Inmate # 642-368
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James M. Rice
Brett Hammond
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, J.:

**{¶1}** In *State v. Howard*, Cuyahoga C.P. No. CR-12-566854-A, the applicant, Ledon Howard, was found guilty by a jury of felonious assault. This court affirmed that judgment in *State v. Howard*, 8th Dist. Cuyahoga No. 100094, 2014-Ohio-2176.

**{¶2}** Howard has filed a timely application for reopening. Appellant argues that his appellate counsel was allegedly ineffective for not asserting errors challenging his conviction as being unsupported by sufficient evidence and being against the manifest weight of the evidence. Additionally, Howard contends that his appellate counsel should have argued that he was denied a fair trial because the prosecutors failed to correct allegedly false and perjured testimony from Det. DeCaro regarding the photo identification procedure. Howard asserts that Det. DeCaro "deliberately obstructed justice by altering sections of the Photo Lineup."

**{¶3}** The state has opposed the application for reopening.

**{¶4}** The application for reopening is denied for the reasons that follow.

**{¶5}** Howard has failed to meet his burden to demonstrate that "there is a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶6}** In *State v. Spivey*, 84 Ohio St.3d 24, 701 N.E.2d 696 (1998), the Supreme Court specified the proof required of an applicant as follows:

> the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the

burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.* at 25. The applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland.*

**{¶7}** Howard cannot show prejudice with regard to his argument that counsel was ineffective for failing to challenge his conviction for insufficiency of the evidence or that his conviction is against the manifest weight of the evidence.

**{¶8}** When assessing a challenge of sufficiency of the evidence, a reviewing court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

**{¶9}** Howard argues that he was misidentified and, therefore, his conviction was based on insufficient evidence. The record includes testimony from several witnesses who positively identified Howard as the person who broke Shawna Mackey's jaw on August 16, 2012. Under the applicable standard, a sufficiency of the evidence argument would fail because if that evidence is believed, it supports Howard's conviction. Accordingly, Howard has not established a colorable claim for ineffective assistance of appellate counsel on this issue.

**{¶10}** While the test for sufficiency of the evidence requires a determination whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 390. Also unlike a challenge to the sufficiency of the evidence, a manifest weight challenge raises a factual issue.

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶11}** "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. When examining witness credibility, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). A factfinder is free to believe all, some, or none of the testimony of each witness appearing before it. *State v. Ellis*, 8th Dist. Cuyahoga No. 98538, 2013-Ohio-1184, ¶ 18.

**{¶12}** Considering the record as a whole, Howard's conviction is not against the manifest weight of the evidence. Howard provides no specifics in his argument as to why he believes his conviction is against the manifest weight of the evidence apart from his contention that he was misidentified. He generally refers to the lack of witness credibility. In his statement of facts, Howard argues that Mackey's description to police "did not compare or come close to being a description" of him. However, defense counsel thoroughly cross-examined Mackey on this

topic. She indicated that she believed she had accurately described Howard to police. She also testified that she gave police Howard's phone numbers. She indicated Howard had gained weight since the incident and that she considered his hairstyle to be an "afro." Mackey knew Howard and was 100 percent certain that he was the person who punched her. The jury heard the testimony and was free to believe or disbelieve it, and they had the opportunity to see Howard at trial to further assess the credibility of her description of him. Further, Mackey was only one of several people who witnessed the incident and identified Howard as the person who hit Mackey. Howard's conviction is not against the manifest weight of the evidence, and therefore, he cannot establish a colorable claim of ineffective assistance of his appellate counsel for not raising this issue in his direct appeal.

{¶13} There is no evidence in the record to support an argument that the state knowingly permitted false and perjured testimony from Det. DeCaro regarding the photo identification process. Howard complains that Det. DeCaro somehow tampered with the lineups by altering the location of the suspects on them. Det. DeCaro was questioned over the potential that a witness had actually identified a different person from photo set number 2, location number 5; rather than having identified Howard's photo from set number 1, location number 5. Det. DeCaro testified that he did not show the photos to the witnesses and he does not know whether the person who did administer the photo lineups had mixed up the sheets or not. There is no indication that Det. DeCaro improperly changed the location of the photos or otherwise tampered with the photographic arrays. Appellate counsel cannot raise arguments that are not supported by evidence contained in the appellate record.

{¶14} We note that appellate counsel did challenge Mackey's identification of Howard. Appellate counsel challenged the trial court's denial of the motion to suppress Mackey's pretrial

identification of him based on the photo arrays and the procedure utilized. The United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 672 N.E.2d 638 (1996).

{¶15} Howard has not met the standard for reopening under either prong of the *Strickland* test. Accordingly, the application for reopening is denied.

TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR